UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JAN 2 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-15-GWU

TOBY STURGILL,                                                  PLAINTIFF,

VS:                              MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

## INTRODUCTION

Toby Sturgill brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe. An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sturgill, a 44 year-old former hospital janitor with a "limited" education, did not suffer from a "severe"

3

impairment.[1] (Tr. 328, 332). Therefore, the plaintiff could not be considered totally disabled. (Tr. 332).

Sturgill alleged a disability onset date of August 15, 1998 on his application for DIB. (Tr. 379). The plaintiff's claims for DIB and SSI on earlier applications were denied in a decision which became final as of September 26, 2001.[2] (Tr. 344-351). These applications were not reopened on the current applications. (Tr. 327-328). Therefore, the time period pertinent to the DIB claim runs from the September 27, 2001, the date after this final decision through the decision date. (Tr. 332). The relevant time period for SSI consideration runs from the June 25, 2002 date of the plaintiff's filing date (Tr. 559) through the decision date as well.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The evidence relating to the time period pertinent to this appeal does not support Sturgill's claim of suffering from a "severe" impairment. Dr. Jeffery Ellington, an examining consultant, specifically opined that the plaintiff did not suffer from any restrictions relating to lifting, carrying, standing, walking, sitting, pushing, pulling, climbing, balancing, crouching, kneeling, crawling, reaching, handling, feeling, hearing or speaking. (Tr. 554). The record was reviewed by

---

[1] In this action, the Appeals Council did take jurisdiction and issue their own decision on November 16, 2004 denying the plaintiff's claim, making this the actual final decision of the administration. (Tr. 316-318). However, the Appeals Council adopted all of the ALJ's evidentiary findings. (Tr. 316).

[2] This denial decision was affirmed by the undersigned on June of 2003. (Tr. 371-378).

4

Dr. John Rawlings (Tr. 518) and Dr. Calixto Hernandez (Tr. 550), each of whom opined that the plaintiff did not suffer from a "severe" physical impairment. The only treatment sought by the plaintiff during this time period was an October, 2001 visit to Appalachian Regional Healthcare for external hemorrhoids. (Tr. 465-469). No functional limitations were indicated. These records provide substantial evidence to support the administrative decision.

Sturgill cited a number of medical records from Appalachian Regional Healthcare and Dr. Jeffrey Prater dated between 1991 and 2000 in support his claim. (Tr. 180-298, 426-464, 470-511). However, these records were all dated well before the the relevant timeperiod and during a time frame when the plaintiff had already been adjudicated as "not disabled." Thus, these records are of little assistance to his current claim. The claimant also cited a report from Dr. Hughes Helm dated from July, 2002 which did suggest the existence of physical limitations. (Tr. 512-517). Dr. Helm was a one-time examiner whose opinion was offset by that of the equally-placed Dr. Ellington. Furthermore, the Court takes judicial notice of the fact that Dr. Helm was not licensed in Kentucky at this time and, so, was not an "acceptable medical source" whose opinion could be binding on the administration under the administrative regulations at 20 C.F.R. Section 404.1513.

In the September, 2001 denial decision, Sturgill was found restricted to the full range of light level work due to chronic low back pain being a "severe" impairment. (Tr. 351). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision

5

by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." In the present action, the ALJ concluded that medical improvement occurred which now justified a finding that the plaintiff did not suffer from a "severe" impairment. (Tr. 330). This finding was based upon Dr. Ellington's essentially normal physical examination with no assessed functional restrictions, the paucity of medical treatment required by the claimant during the relevant time frame, and the opinions of the medical reviewers. (Tr. 330-331). This finding would appear appropriate. Finally, even if this finding was erroneous, the Court notes that Rule 202.17 of the Medical-Vocational guidelines would still mandate a finding of "not disabled."

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __20__ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE